UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JUDITH ASHLEY,<br>      Plaintiff, | )<br>)<br>) |
| v. | ) CAUSE NO.: 4:22-CV-98-JVB-APR |
| MARTIN J. O'MALLEY, Commissioner<br>of the Social Security Administration[1],<br>      Defendant. | )<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a Petition for Attorneys Fees Under the Equal Access to Justice Act [DE 26] filed by Plaintiff on October 18, 2023. Defendant Commissioner of Social Security filed a response on November 1, 2023, to which Plaintiff replied on November 5, 2023.

On December 13, 2022, Plaintiff filed a Complaint seeking judicial review of the Commissioner's decision denying her applications for benefits. On May 24, 2023, Plaintiff filed an opening brief. On September 18, 2023, the Commissioner filed a motion to remand the case for further administrative proceedings, which the Court granted.

In the instant Motion for Attorneys' Fees, Plaintiff seeks fees under the Equal Access to Justice Act (EAJA) in the amount of $10,703.82 for 43.1 hours of attorney work and 2.4 hours of paralegal work. The requested adjusted hourly rate for the attorneys' work is $242.78, and for the paralegal's work is $100. The Commissioner opposes the number of hours as unreasonable and asks the Court to reduce the request by 15 hours. The Commissioner does not oppose the requested hourly rates. The Commissioner does not contest Plaintiff's assertion that her net worth is under

---

[1] Martin J. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023, replacing Acting Commissioner of the Social Security Administration Kilolo Kijakazi. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin J. O'Malley is substituted for Kilolo Kijakazi as the defendant in this suit.

two million dollars. By obtaining a remand, Plaintiff is considered a "prevailing party." *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011). The Commissioner also does not argue that her position in the underlying litigation was substantially justified. In her reply, Plaintiff requests an additional award in the amount of $267.06 for 1.1 hours spent drafting the reply brief in support of the original motion for EAJA fees. In total, Plaintiff requests $10,970.88 for 44.6 hours of attorney work at $242.78 per hour and 2.4 hours of paralegal work at $100.00 per hour.

The Commissioner argues that counsel's descriptions in their time entries are impermissibly vague. Plaintiff disputes this characterization. Though counsel could have, for example, included the page numbers of the administrative record reviewed in the billing entries to provide more detail, the Court cannot say that the entries are so vague to be dismissed out of hand.

The Commissioner also contends that the number of hours claimed are unreasonable. Plaintiff bears the burden of demonstrating that the requested hours are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Counsel for the prevailing party should make a good-faith effort to exclude excessive, redundant, or otherwise unnecessary hours. *Id.* at 434. "[T]he district court has discretion in determining the amount of a fee award" due to its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Id.* at 437. Appropriate considerations when determining whether requested hours have been reasonably billed include the complexity of the case, the staffing particulars, and the results obtained for the party. *Id.* at 434-37.

The Commissioner argues that Plaintiff's counsel routinely engages in "an over-inclusive briefing style, for which counsel has been admonished by courts." Plaintiff responds that her briefing style has changed since that time, the length of this record required extensive review and briefing, and her results were excellent.

The Commissioner challenges the requested fee, arguing that the requested hours should be reduced by 15 hours, which at the requested hourly rate would be an award of $7,062.12. Plaintiff argues that the Commissioner has not identified any particular entries which should be reduced to reach that 15-hour reduction.

The Court considers the factual specifics of this case in deciding what is an appropriate award. Plaintiff's counsel obtained a favorable result, had an extensive record, and developed numerous arguments, none of which the Commissioner has identified as inappropriate arguments. The record was extensive, at 1000 pages. The time spent in reviewing the record and drafting the opening brief, approximately 35 hours, is consistent with the amount of time the Court believes appropriate. Review by a senior attorney of work product of a junior attorney is not inherently unreasonable. *Rosella T. v. Kijakazi*, 3:22-cv-00120-RLY-MPB (S.D. Ind. Apr.7, 2023) ("The time log shows that one attorney (initials 'BS') did much of the heavy lifting while another 'senior attorney' (initials 'AMD') reviewed drafts and made final edits.There is nothing unreasonably 'redundant' about this arrangement."); *see Joseph S. v. Kijakazi*, 2:21-cv-470-JPH-MJD, 2023 WL 2866724 (S.D. Ind., Apr. 10, 2023).

Ultimately, the Court finds that Plaintiff has met her burden to show that the requested 45.5 hours requested for this case (prior to the filing of the initial motion for attorney fees) was reasonable.

Plaintiff's reply brief was the only opportunity to defend against the Commissioner's request that the Court significantly reduce the number of attorney hours requested by Plaintiff. The time requested was relatively short, only 1.1 hours. The Court finds that this time was warranted.

Plaintiff asks that the award be paid directly to counsel, pursuant to an assignment. Counsel states that she has confirmed that Plaintiff owes no debt to the Government. However, in the event

Plaintiff owes a debt to the Government, any such debt can be paid from the award, and therefore, the Court will not bypass the standard requirement that that determination be made.

## CONCLUSION

Accordingly, the Court hereby **GRANTS** the Petition for Attorneys Fees Under the Equal Access to Justice Act [DE 26]. The Court **ORDERS** that Plaintiff is awarded attorney fees in the total amount of $10,970.88 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. If the Government determines that Plaintiff does not owe a pre-existing debt subject to offset, the Commissioner shall direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and her counsel.

SO ORDERED on January 24, 2024.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT